Jesse HARTMAN and Dorothy S. Hartman, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 53, Docket 26858.

United States Court of Appeals Second Circuit.

Argued Nov. 16, 1961.

Decided Dec. 14, 1961.

Wilbur H. Friedman, of Proskauer, Rose, Goetz & Mendelsohn, New York City (Marvin E. Frankel, Alan S. Rosenberg, New York City, on the brief), for petitioners.

David O. Walter, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice), Washington, D. C., for respondent.

Before MOORE, SMITH and HAYS, Circuit Judges.

PER CURIAM.

Hartman, an experienced builder, was sole stockholder in two corporations which were organized for the purpose of constructing, and did construct, two projects financed by mortgages insured by the Federal Housing Administration. The costs of these projects were substantially less than the proceeds of the mortgages, and a part of this excess was distributed to Hartman. Hartman, in his tax returns for 1950 and 1951, treated these distributions as capital gains. The Commissioner determined that deficiencies existed on the ground that the distributions were distributions from "collapsible" corporations, and therefore taxable as ordinary income. The Tax Court sustained the Commissioner (34 T.C. 1085 (1960)), and the case is here on the taxpayers' petition for review of the decision of the Tax Court. We affirm that decision.

The applicable statutory provision is found in Section 117(m) of the Internal Revenue Code of 1939. A "collapsible corporation" is there defined as "a corporation formed or availed of principally for * * * construction * * * with a view to—

"(i) * * * a distribution to its shareholders, prior to the realization by the corporation * * * constructing * * * the property of a substantial part of the net income to be. derived from such property, and

"(ii) the realization by such shareholders of gain attributable to such property."

This Court has several times recently had occasion to pass upon situations similar to the situation involved in the present case, and to hold that similar distributions were taxable as ordinary income from "collapsible" corporations. See, e. g., Mintz v. Commissioner, 2 Cir., 284 F.2d 554 (1960); Sidney v. Commissioner, 2 Cir., 273 F.2d 928 (1960); Sorin v. Commissioner, 2 Cir., 271 F.2d 741 (1959); Glickman v. Commissioner, 2 Cir., 256 F.2d 108 (1958).

In the present case Hartman testified that prior to completion of construction he did not have the "view" required by the statute. He urged that this testimony must be accepted as dispositive of that issue. However, in the light of the evidence of excessive estimates for architects' and contractors' fees and of Hartman's knowledge during construction that the actual costs would be much less

than the proceeds of the mortgages, the Tax Court was entitled to find, as it did, that Hartman had not sustained the burden of establishing lack of justification for the Commissioner's ruling.